No. 1006

NORTHWEST. OHIO RY. & POWER CO.
v. GLOWACKI

Ohio Appeals, 6th Dist., Ottawa Co.

No. 97.  Decided Oct. 13, 1926

1028. RES IPSA LOQUITUR—Where evidence adduced is that a bullet fired by a third person cut a wire of a Power Co. causing it to fall to the ground by reason of which a child was injured, it is error for the trial court to charge upon negligence of the company under the doctrine of res ipsa loquitur when no other evidence of negligence was presented by plaintiff and where the doctrnie is rebutted by the evidence.

WILLIAMS, J.

This action was brought in the Ottawa Common Pleas by Laura Glowacki, by her next friend Thomas Glowacki against the Northwestern Ohio Ry. & Power Co. to recover for damages for injuries sustained by the child, through coming in contact with a live wire.

The evidence adduced was that some time in the morning the mother of the child was attracted by screams and coming to the rescue found the child in contact with a live wire of the Power Co. which burned her severely about the face and hands, causing her the loss of a finger. The Power Co. had no actual knowledge that the wire was down, although it had been seen in that condition by at least one employee.

It seems the night before there was shooting and thereafter the lights in the town went out. The Company was notified but made no attempt to correct the matter till ten o'clock the next day. There was no evidence to shoy that the wire was out of repair or defective, but it was shown that several 45 caliber shells were found near by and that pieces of the wire itself were shown which clearly showed marks which might have been those of a metal-jacketed bullet.

The trial court applied the doctrine of res ipsa loquitur in charging the jury and a judgment was returned for Glowacki. The Power Co. prosecuted error to reverse the judgment, the Court of Appeals holding:

1. The doctrine of res ipsa loquitur usually applies to case of falling wires directly causing injury to another. 107 OS. 101.

2. In this case, however, there was no evidence to show negligence upon the part of the Power Co.; in fact it tends to show that the wire was in good condition at the time it fell.

3. From he evidence no other inference can be drawn than that the wire was struck by a bullet, fired by some third person not connected with the Power Co.

4. This proof rebutted the doctrine of res ipsa loquitur and as there was no evidence upon the part of Glowacki to show the negligence of the Company it was error for the court to charge thereon.

Judgment reversed.

(Richards & Young, JJ., concur.)

Attorneys—True, Crawford & True for Company; Gordon & Gordan for Glowacki; all of Port Clinton.